

 

 

 

 

 

 

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN CHRISTIAN MELIUS,<br><br>           Plaintiff,<br>   v.<br><br>MIKAEL KOLTAI, an individual; LAW OFFICES OF MIKAEL KOLTAI, an entity of unknown type; ULF STAHL, an individual; SWEDISH BOARD FOR STUDY SUPPORT, a/k/a CSN, an entity of unknown type; and DOES 1 to 50, inclusive,<br><br>           Defendant. | CV 14-9251 RSWL (Ex)<br><br>**ORDER re: DEFENDANT SWEDISH BOARD FOR STUDY SUPPORT, a/k/a CSN's MOTION TO SET ASIDE ENTRY OF DEFAULT** [63] |

    Currently before the Court is Defendant Swedish Board for Study Support's ("CSN") Motion to Set Aside Entry of Default [63], filed October 13, 2015. For the reasons discussed below, this Court **GRANTS** CSN's Motion to Set Aside Entry of Default [63].

//

//

//

1

# I. BACKGROUND

## A. Factual Background

On June 11, 2014, the Kingdom of Sweden commenced a lawsuit on behalf of CSN against Martin Christian Melius ("Plaintiff") for breach of contract, common count for money lent, and common count for money had and received, arising from Plaintiff's alleged failure to repay past-due student loans he received from CSN.[1]  Plaintiff then filed the present action against Mikael Koltai ("Koltai"), Law Offices of Mikael Koltai, W. Ernest Mooney ("Mooney"), Law Offices of W. Ernest Mooney, Ulf Stahl ("Stahl"), and CSN (collectively "Defendants") for alleged violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code § 1788 et seq. ("Rosenthal Act"), and actions that allegedly constitute "Invasion of Privacy by Intrusion upon Seclusion and by Revelation of Private Financial Facts to Third Parties."  Compl., ECF No. 1.

## B. Procedural Background

On December 02, 2014, Plaintiff filed its Complaint against Defendants [1].  On January 13, 2015, Plaintiff filed a Notice of Dismissal as to Defendants Mooney and Law Offices of W. Ernest Mooney, pursuant to Federal Rule of Civil Procedure 41(a)(1) [12].  On January 13, 2015, Plaintiff filed its First Amended Complaint

---

[1] See Kingdom of Sweden v. Martin Christian Melius, No. 2:14-cv-04492-RSWL-E.

2

("FAC") against defendants Koltai, Law Offices of Mikael Koltai, Stahl, and CSN [13]. On January 29, Plaintiff requested that the Clerk of Court enter default against Law Offices of Mikael Koltai [28]. On February 2, 2015, default was entered by the Clerk as to Law Offices of Mikael Koltai [30]. On February 14, 2015, Mikael Koltai filed his Motion to Set Aside Entry of Default as to Law Offices of Mikael Koltai [32]. On April 8, 2015, this Court granted the Motion to Set Aside Default and denied as moot Plaintiff's Application for Default Judgment against Law Offices of Mikael Koltai [46]. On September 20, 2015, Plaintiff requested that the Clerk of Court enter default against Defendant CSN [59]. On October 07, 2015, this Court granted Plaintiff's Request to Enter Default [61]. On October 13, 2015, Defendant CSN filed its Motion to Set Aside Entry of Default [63]. On October 27, 2015, CSN filed a Notice of Non-Opposition by Plaintiff to Defendant's Motion to Set Aside Entry of Default [64].

## II. ANALYSIS

**A. <u>Legal Standards</u>**

    1. <u>Motion to Set Aside Entry of Default</u>

The Federal Rules of Civil Procedure provide that a "court may set aside an entry of default" upon a showing of "good cause". Fed. R. Civ. Pro. 55(c). To determine whether "good cause" exists, a court must consider the following three factors: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct

that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." <u>United States v. Signed Personal Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing <u>Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.</u>, 375 F.3d 922, 925-926 (9th Cir. 2004)). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." <u>Id.</u>  Finally, the Ninth Circuit has emphasized the strong policy of "deciding cases on the merits whenever possible," and has stated that "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" <u>Id.</u> at 1091.

    2.   <u>Timing of a Responsive Pleading</u>

Federal Rule of Civil Procedure 12(a) prescribes that a defendant must serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(I).  However, pursuant to the Foreign Sovereign Immunities Act ("FSIA"), in an action brought against any foreign state, or political subdivision, agent, or instrumentality of a foreign state, the foreign entity shall have sixty days to serve an answer or other responsive pleading to the complaint. 28 U.S.C. § 1608(d).

**B.  Discussion**

    1.   <u>Plaintiff was not entitled to default against</u>

4

CSN at the time it was requested.

As discussed above, ordinarily a defendant must serve an answer within 21 days after being served with the summons and complaint. However, under FSIA, a foreign state, or an agency or instrumentality of a foreign state, is entitled to 60 days to file its responsive pleading. 28 U.S.C. § 1608(d).

Upon review of the Svensson Declaration and the Zipser Declaration[2], it is clear that CSN is a Swedish government agency, and accordingly, is entitled to the extended responsive pleading deadline set forth in 28 U.S.C. § 1608(d). On August 18, 2015, Plaintiff's counsel served copies of the Summons, Complaint, and FAC on Ms. Helena Fallman, an employee of CSN. Svensson Decl. ¶¶ 10-11; Zipser Decl. ¶ 6. Therefore, CSN was permitted to file a responsive pleading up until October 17, 2015.

Furthermore, it is clear from the Zipser Declaration that CSN informed Plaintiff that it is a foreign agency, and as such, is entitled to a 60 day responsive pleading deadline under FSIA. Zipser Decl. ¶ 8. CSN notes that "Mr. Stone did not dispute [Defendants'] statement concerning the response date." Id. Additionally, Plaintiff has not filed an opposition to the present Motion.

---

[2] See Mot. to Set Aside Default, Declaration of Ake Svensson ("Svensson Declaration"), ¶¶ 3-7 [63-1]; see also id., Declaration of Dean J. Zipser ("Zipser Declaration"), ¶¶ 2-4 [63-2].

1    This Court finds that it is appropriate to set
2 aside the default entered against CSN because CSN is a
3 public agency wholly owned by the Swedish government,
4 and as such, Plaintiff was not entitled to default
5 against CSN as of the date default was requested,
6 September 20, 2015.
7    2.   "Good cause" exists to set aside the default.
8    To determine whether "good cause" exists to set
9 aside an entry of default, a court must consider (1)
10 whether the party seeking to set aside the default
11 engaged in culpable conduct that led to the default, (2)
12 whether that party had a meritorious defense, and (3)
13 whether setting aside the default judgment would
14 prejudice the other party.  Franchise Holding, 375 F.3d
15 at 925-926.
16         a.   *Culpable Conduct*
17    In the present case, far from showing any culpable
18 conduct, CSN has been diligent in attempting to
19 communicate with Plaintiff regarding its responsive
20 pleading time-line.  In fact, CSN informed Plaintiff
21 well in advance that CSN is a foreign agency within the
22 meaning of FSIA, and thus would have 60 days to file its
23 responsive pleading.  Zipser Decl. ¶ 8.  Plaintiff
24 nevertheless filed a request to enter default against
25 CSN with the clerk of court within the allotted 60 days.
26 Further, CSN's counsel has made repeated, rebuffed
27 attempts to secure Plaintiff's agreement to stipulate to
28

set aside the default, and in doing so has attempted to make clear, multiple times, that CSN has an extended deadline to file its response. Zipser Decl. ¶¶ 14-17. As such, this factor weighs strongly in favor of finding "good cause" to set aside the default.

       b.   *No Meritorious Defense*

There is no evidence that CSN lacks a meritorious defense to Plaintiff's claims against him. As such, this factor weighs in favor of "good cause" to grant CSN's Motion to Set Aside Default.

       c.   *Prejudice of Reopening Judgment*

Finally, this Court finds that setting aside the default judgment entered against CSN would not prejudice Plaintiff because no default judgment has been entered. See Signed Personal Check, 615 F.3d at 1091.

       d.   *Policy Favoring Adjudication on the Merits*

As discussed above, CSN has been diligent in communicating with Plaintiff regarding its responsive pleading deadline, and has repeatedly attempted to stipulate to a resolution of the issue before filing the present Motion to Set Aside Default. Additionally, because default in this case was inappropriate when entered, and Plaintiff appears to have knowingly misused the remedy, denying CSN's Motion to Set Aside Default would go directly against the strong policy favoring adjudication on the merits. See id. As such, these considerations further counsel the Court to grant

Defendant's Motion to Set Aside Default [63].

### III. CONCLUSION

Based on the foregoing, this Court hereby **GRANTS** Defendant's Motion to Set Aside Default [63]. Defendant shall file a response to the operative complaint within 14 days from the date of this order.

**IT IS SO ORDERED.**

DATED: December 4, 2015     s/ RONALD S.W. LEW
                            **Honorable Ronald S.W. Lew**
                            Senior U.S. District Judge